**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TUTUILA F. TUVALU, | No. 08-16807 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-01724-JAM-KJM |
| v. | |
| JEANNE S. WOODFORD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Tutuila F. Tuvalu, a California state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations

arising from the prison's family visitation policy. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2002) (failure to state a claim under 28 U.S.C. § 1915A); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly granted summary judgment on Tuvalu's family association claims because the challenged regulation precluding overnight family visits to prisoners serving life sentences without parole dates is rationally related to legitimate penological interests. *See Overton v. Bazzetta*, 539 U.S. 126, 133-36 (2003).

The district court also properly granted summary judgment on Tuvalu's equal protection claim because, even assuming that Tuvalu raised a triable issue as to whether the prison allows overnight visits to "informants," it is not irrational for prison officials to offer a special privilege to those who provide information about threats to the security of the institution or other inmates. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

The district court properly dismissed Tuvalu's Eighth Amendment, *see Overton*, 539 U.S. at 136-37, and Ex Post Facto Clause claims, *see Seling v. Young*, 531 U.S. 250, 267 (2001).

Tuvalu's conspiracy claim fails because he did not establish an underlying constitutional violation. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010).

Tuvalu's remaining contentions are unpersuasive.

Tuvalu's motions to supplement the record are construed as requests for judicial notice and so construed are granted.

**AFFIRMED**.